UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) BORIS SHADARI and<br>(2) CHRISTIAN ZYNGA,<br><br>Defendants | Criminal No. 20cr10229<br><br>Violations:<br><br>Count One: Conspiracy To Defraud the United States (18 U.S.C. § 371)<br><br>Counts Two-Five: Filing a False Tax Return (26 U.S.C. § 7206(1))<br><br>Counts Six-Eight: Aiding or Assisting in Filing a False Tax Return (26 U.S.C. § 7206(2))<br><br>Counts Nine-Ten: Theft of Government Money (18 U.S.C. § 641)<br><br>Counts Eleven-Fifteen: Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1))<br><br>Count Sixteen: Witness Tampering (18 U.S.C. §§ 1512(b)(1), (3))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. The defendant BORIS SHADARI was a resident of Lynn, Massachusetts and Swampscott, Massachusetts.

2. The defendant CHRISTIAN ZYNGA was a resident of Everett, Massachusetts and worked as a manager at Citizen's Bank in Somerville, Massachusetts and Webster Bank in

1

Cambridge, Massachusetts.

3. H&R Block was a tax preparation company with offices in Lynn, Massachusetts and Saugus, Massachusetts, among other locations.

4. The HRB Tax Professional was a tax preparer employed by H&R Block at its offices in Lynn, Massachusetts and Saugus, Massachusetts, until in or about November 2017.

5. Taxpayer-1 was a resident of Revere, Massachusetts and Peabody, Massachusetts.

6. Taxpayer-2 was a resident of Salem, Massachusetts.

7. Taxpayer-3 was a resident of Somerville, Massachusetts.

8. Taxpayer-4 was a resident of Somerville, Massachusetts.

9. Taxpayer-5 was a resident of Brockton, Massachusetts and Bangor, Maine.

10. Individual-1 was a resident of France and Amesbury, Massachusetts.

The Federal Tax Requirements

11. The Internal Revenue Service ("IRS") was an agency of the United States within the Department of the Treasury of the United States and was responsible for administering and enforcing the tax laws of the United States.

12. A United States Individual Tax Return (Form 1040) was the form that taxpayers were required to submit to the IRS on a yearly basis, on which taxpayers reported various items, including gross income, certain expenses, and tax due and owing. The Form 1040 was used by the IRS to assess tax liabilities.

13. Under the tax laws, gross income means all income from whatever source derived, including but not limited to compensation for services, including fees, commissions, fringe benefits and similar items.

14. Under the tax laws, taxpayers can decrease their tax liability by claiming credits and deductions. Taxpayers who report dependents and child and dependent care expenses on their Form 1040 may qualify for, among other things, the Child Tax Credit, Child and Dependent Care Credit, and Earned Income Tax Credit, which may reduce taxpayers' tax liability and correspondingly increase taxpayers' federal income tax refunds. Taxpayers who report business losses on their Form 1040 may qualify for deductions that reduce their taxable income, thereby reducing their tax liability and increasing their federal income tax refunds.

## Overview of the Conspiracy

15. From in or about 2012 through in or about May 2018, SHADARI, ZYNGA, and others known and unknown to the Grand Jury conspired to defraud the United States by falsely inflating taxpayers' federal income tax refunds and diverting a portion of the taxpayers' refunds for their own use.

## Object and Purpose of the Conspiracy

16. The object of the conspiracy was to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful functions of the IRS in the ascertainment, computation, assessment, and collection of income taxes. The purpose of the conspiracy was to unjustly enrich SHADARI, ZYNGA, and their co-conspirators.

## Manner and Means of the Conspiracy

17. Among the manner and means by which SHADARI, ZYNGA, and co-conspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

   a. Falsely holding SHADARI out as a licensed tax professional;

   b. Collecting taxpayers' information under the guise of preparing the

taxpayers' federal income tax returns;

    c.    Bringing taxpayers' information to the HRB Tax Professional for preparation of the taxpayers' federal income tax returns and providing the HRB Tax Professional with false information about the taxpayers, including false dependent information, child and dependent care expenses, and profits and losses from businesses, from which the HRB Tax Professional prepared the taxpayers' returns;

    d.    Preparing federal income tax returns for taxpayers that contained false information, including false dependent information, child and dependent care expenses, and profits and losses from businesses;

    e.    Causing taxpayers' federal income tax refunds to be deposited, in whole or in part, into bank accounts SHADARI, ZYNGA, and their co-conspirators controlled;

    f.    Opening bank accounts in Individual-1's name for the purpose of receiving taxpayers' federal income tax refunds; and

    g.    Collecting and sharing names and Social Security numbers of real persons for use as dependents on taxpayers' federal income tax returns.

<u>Overt Acts in Furtherance of the Conspiracy</u>

18.    From in or about 2012 through in or about May 2018, SHADARI, ZYNGA, and co-conspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

Taxpayer-1

19. For tax years 2012 to 2017, Taxpayer-1 brought his federal income taxes to SHADARI and/or ZYNGA to prepare. Taxpayer-1 initially hired SHADARI to prepare his income tax returns after he learned SHADARI prepared taxes for individuals in the Congolese community in Greater Boston. Taxpayer-1 later hired ZYNGA to prepare his income tax returns.

20. For tax years 2012 through 2016, SHADARI and/or ZYNGA used the HRB Tax Professional to prepare Taxpayer-1's returns. Without Taxpayer-1's knowledge, SHADARI and/or ZYNGA supplied the HRB Tax Professional with false information concerning Taxpayer-1's dependents, child and dependent care expenses, and business income and expenses, which inflated Taxpayer-1's federal income tax refunds for those tax years.

21. SHADARI and/or ZYNGA caused Taxpayer-1's federal income tax refunds for tax years 2012 through 2016 to be deposited into bank accounts ZYNGA controlled or into accounts in the names of unindicted co-conspirators. Thereafter, SHADARI or ZYNGA provided Taxpayer-1 with cash in less than the full amount of Taxpayer-1's federal income tax refund.

22. In or about 2018, Taxpayer 1 asked ZYNGA to prepare his 2017 federal income tax return. The return was prepared using tax preparation software and contained false information concerning Taxpayer 1's dependents and child and dependent care expenses, which inflated Taxpayer 1's federal income tax refund for tax year 2017.

Taxpayer-2

23. For tax years 2011 through 2016, Taxpayer-2 hired SHADARI to prepare his federal income tax returns because SHADARI was known in the Congolese community in Greater Boston as a tax preparer.

24. For tax year 2011, SHADARI used the HRB Tax Professional to prepare Taxpayer-2's returns. Without Taxpayer-2's knowledge, SHADARI supplied the HRB Tax Professional with false information concerning Taxpayer-2's dependents, child and dependent care expenses, and business income and expenses, which inflated Taxpayer-2's federal income tax refund for tax year 2011.

25. For tax years 2012 through 2016, SHADARI prepared or caused to be prepared Taxpayer-2's federal income tax returns using tax preparation software. Without Taxpayer-2's knowledge, SHADARI added false information to the returns, including information concerning Taxpayer-2's dependents, child and dependent care expenses, and business income and expenses, which inflated Taxpayer-2's federal income tax refunds for those tax years.

26. Without Taxpayer-2's knowledge or permission, SHADARI caused Taxpayer-2's federal income tax refunds for the tax years 2012, 2013, 2014, and 2016 to be split between Taxpayer-2's bank account and accounts controlled by SHADARI, ZYNGA, and unindicted co-conspirators. One of the accounts in which Taxpayer-2's 2012 federal income tax refund was deposited was in the name of Individual-1, who had previously provided his bank account information to ZYNGA, and which ZYNGA shared with SHADARI.

<u>Taxpayer-3</u>

27. For tax years 2013 through 2015, Taxpayer-3 hired SHADARI to prepare her federal income tax returns after SHADARI told her that he was in the business of preparing taxes.

28. For tax years 2013 through 2015, SHADARI used the HRB Tax Professional to prepare Taxpayer-3's returns. Without Taxpayer-3's knowledge, SHADARI supplied the HRB Tax Professional with false information concerning Taxpayer-3's dependents and child and

dependent care expenses, which inflated Taxpayer-3's federal income tax refunds for those tax years.

29. Without Taxpayer-3's knowledge or permission, SHADARI caused Taxpayer-3's federal income tax refunds for tax years 2013 through 2015 to be split between Taxpayer-3's bank account and an account SHADARI controlled.

### Taxpayer-4

30. For tax years 2014 through 2017, Taxpayer-4 hired SHADARI to prepare her federal income tax returns after ZYNGA told Taxpayer-4's sister that SHADARI worked at H&R Block.

31. For tax years 2014 through 2016, SHADARI used the HRB Tax Professional to prepare Taxpayer-4's returns. Without Taxpayer-4's knowledge, SHADARI supplied the HRB Tax Professional with false information concerning Taxpayer-4's dependents and child and dependent care expenses, which inflated Taxpayer-4's federal income tax refunds for those tax years.

32. For tax year 2017, SHADARI prepared Taxpayer-4's federal income tax returns himself using tax preparation software. Without Taxpayer-4's knowledge, SHADARI added false information to the return, including information concerning Taxpayer-4's dependents and child and dependent care expenses, which inflated Taxpayer-4's federal income tax refund for tax year 2017.

33. For tax years 2014 through 2017, without Taxpayer-4's knowledge or permission, SHADARI caused Taxpayer-4's federal income tax refunds to be split between Taxpayer-4's bank account and accounts SHADARI or ZYNGA controlled.

### Additional Overt Acts in Furtherance of the Conspiracy

34. ZYNGA obtained the names and Social Security numbers of Individual-1's children and provided this information to SHADARI. Thereafter, SHADARI caused Individual-1's children to be listed as dependents on the tax returns of other taxpayers who hired him—including on Taxpayer-2's 2011 federal income tax return.

35. In or about 2014 and 2015, ZYNGA caused three bank accounts in Individual-1's name to be opened at Citizens Bank. Without Individual-1's knowledge or permission, ZYNGA used these accounts for the purpose of receiving fraudulent federal income tax refunds for other taxpayers.

### SHADARI's False Tax Returns

36. SHADARI was required to file personal income tax returns using Form 1040 to report, among other things, all gross income from whatever source derived.

37. For tax years 2014 through 2017, SHADARI did not report on his personal income tax returns the tax refunds that he fraudulently obtained by filing false tax returns for Taxpayers 1-4 and others. As a result, SHADARI failed to report or pay taxes on approximately $151,319.

<u>COUNT ONE</u>
Conspiracy To Defraud the United States
(18 U.S.C. § 371)

The Grand Jury charges:

38. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

39. From in or about 2012 through in or about May 2018, in the District of Massachusetts and elsewhere, the defendants,

    (1) BORIS SHADARI, and
    (2) CHRISTIAN ZYNGA,

conspired with each other and others known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO-FIVE
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

40. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

41. On or about the dates set forth below, in the District of Massachusetts, the defendant,

(1) BORIS SHADARI,

did willfully make and subscribe U.S. Individual Tax returns, Forms 1040, for the tax years set forth below, which returns were verified by a written declaration that they were made under the penalties of perjury, and which were filed with the Director, Internal Revenue Service on or about the dates set forth below, and which returns the defendant did not believe to be true and correct as to every material matter in that SHADARI failed to report income in the amounts set forth below:

| Count | Tax Year | Approx. Date of Filing | Unreported Income |
|---|---|---|---|
| 2 | 2014 | March 20, 2015 | $43,731 |
| 3 | 2015 | Feb. 23, 2016 | $43,688 |
| 4 | 2016 | Feb. 27, 2017 | $29,230 |
| 5 | 2017 | April 18, 2018 | $15,550 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS SIX-EIGHT
Aiding or Assisting in Filing a False Tax Return
(26 U.S.C. § 7206(2))

The Grand Jury further charges:

42. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

43. On or about the dates set forth below, in the District of Massachusetts, the defendant,

(1) BORIS SHADARI,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of U.S. Individual Tax returns, Forms 1040, for the taxpayers set forth below for the tax years set forth below, which returns were false and fraudulent as to material matters in that they represented that the taxpayers were entitled under the provisions of the internal revenue laws to claim deductions and credits for dependents and child and dependent care expenses, whereas SHADARI then and there knew the taxpayers were not entitled to claim those deductions or credits:

| Count | Taxpayer | Tax Year | Approx. Date of Filing |
|---|---|---|---|
| 6 | Taxpayer-3 | 2014 | Feb. 11, 2015 |
| 7 | Taxpayer-3 | 2015 | Feb. 1, 2016 |
| 8 | Taxpayer-4 | 2017 | April 17, 2018 |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS NINE-TEN
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury further charges:

44.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

45.     On or about the dates set forth below, in the District of Massachusetts, the defendant,

(1)  BORIS SHADARI,

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, funds derived from falsely inflated federal income tax refunds as set forth below, having an approximate value as set forth below:

| Count | Taxpayer   | Tax Year | Approx. Date of Filing | Approx. Value of Funds |
|-------|------------|----------|------------------------|------------------------|
| 9     | Taxpayer-3 | 2015     | Feb. 1, 2016           | $5,000                 |
| 10    | Taxpayer-4 | 2017     | April 17, 2018         | $2,000                 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS ELEVEN-THIRTEEN
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

46. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

47. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

(1) BORIS SHADARI,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, names and Social Security numbers of the individuals identified below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, theft of government money, in violation of Title 18 United States Code, Section 641:

| Count | Approximate Date | Initials of Person |
|-------|------------------|--------------------|
| 11    | Feb. 1, 2016     | M.B.Q.             |
| 12    | Feb. 1, 2016     | Y.Q.               |
| 13    | April 17, 2018   | G.A.               |

All in violation of Title 18, United State Code, Section 1028A(a)(1).

<u>COUNTS FOURTEEN-FIFTEEN</u>
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

48. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

49. On or about dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

(1) BORIS SHADARI,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the names with forged signatures of the individuals identified below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, theft of government money, in violation of Title 18 United States Code, Section 641:

| Count | Approximate Date | Person |
|---|---|---|
| 14 | Feb. 1, 2016 | Taxpayer-3 |
| 15 | Feb. 29, 2017 | Taxpayer-4 |

All in violation of Title 18, United State Code, Section 1028A(a)(1).

## COUNT SIXTEEN
## Witness Tampering
## (18 U.S.C. §§ 1512(b)(1) and (3))

The Grand Jury further charges:

50. The Grand Jury re-alleges and incorporates by reference paragraphs 1-37 of this Indictment.

51. In or about August 2019, in the District of Massachusetts, the defendant,

(1) BORIS SHADARI,

knowingly used intimidation and corruptly persuaded another person, and attempted to do so, with the intent to (1) influence, delay, and prevent the testimony of such person in an official proceeding; and (2) hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, that is: SHADARI advised Taxpayer-5 to lie to federal investigators regarding the information on her federal income tax return for tax year 2016.

All in violation of Title 18, United States Code, Sections 1512(b)(1) and (3).

## FORFEITURE ALLEGATION:
(18 U.S.C. § 981(a)(1)(C) and
28 U.S.C. § 2461)

52. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 641, set forth in Counts Nine through Ten, the defendant,

(1) BORIS SHADARI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

53. If any of the property described in Paragraph 52, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property described in Paragraph 52 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
KRISTEN A. KEARNEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: OCTOBER ___ 6, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ **Harold Putnam**   10/6/2020; 4:20 p.m.
DEPUTY CLERK

17